103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William L. NEWTON, Plaintiff-Appellant,
v.
Shirley S. CHATER*, Commissioner Social
Security Administration, Defendant-Appellee.
 No. 94-36144.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.**
Decided Nov. 19, 1996.
 
 Before: CANBY, RYMER and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 William L. Newton, appearing pro se, appeals the district court's order affirming the Commissioner's decision not to waive recovery of overpaid Social Security retirement insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review the denial of a waiver request to determine whether the Commissioner applied the proper legal standard and to determine whether substantial evidence supports the denial. Quinlivan v. Sullivan, 916 F.2d 524, 526 (9th Cir.1990).
 
 
 4
 When an overpayment occurs, the Social Security Act ("Act") requires the Commissioner to recover the overpayment unless the claimant was (1) without fault in receiving the overpayment, and (2) recovery would either defeat the purpose of Title II of the Act or be against equity and good conscience. 42 U.S.C. § 404(b); 20 C.F.R. § 404.506. There is no dispute that Newton was without fault; the Appeals Council so concluded and that ruling has not been challenged. It is with regard to the second requirement that Newton's appeal fails.
 
 
 5
 The Appeals Council concluded that recovery of the overpayment would neither defeat the purpose of Title II nor be against equity and good conscience. In so ruling, the Council applied the proper legal standard, and substantial evidence supports its decision.
 
 
 6
 Recovery of overpayment defeats the purpose of Title II if it would deprive the claimant of income and assets required to meet his ordinary and necessary living expenses. See 20 C.F.R. § 404.508. Newton was overpaid $5,282 because of income he received from the unexpected closure of several pending real estate deals. The record reflects that Newton has liquid assets of over $7,000 and equity of at least $16,000 in real property in addition to the value of his primary residence. The Commissioner could properly find that recovery of the overpayment will not deprive Newton of the means of meeting his ordinary and necessary living expenses.
 
 
 7
 The pertinent regulation provides that recovery of overpayment is against equity and good conscience when the claimant changed his position for the worse, relinquished a valuable right, or lived in a household separate from the overpaid person at the time of overpayment and did not receive the overpayment. See 20 C.F.R. § 404.509(a). Newton correctly points out that we have expanded the concept of equity and good conscience beyond the confines of that regulation, because we concluded that Congress intended to apply "a broad concept of fairness" to waiver requests. Quinlivan, 916 F.2d at 527. Newton contends that the Commissioner improperly confined her inquiry to the regulation and overlooked broader concepts of fairness. The record, however, does not support that contention. The Appeals Council referred to its acquiescence in Quinlivan and expressly considered the broader elements of fairness set forth in that decision. Substantial evidence supports the finding of the Council that Newton's physical, mental and financial condition was such that recovery would not be against equity and good conscience.
 
 
 8
 Newton contends that it is unfair that he is not permitted to attribute his self-employed earnings to the periods in which the services were performed, as a wage-earner can. See 20 C.F.R. § 404.428(b). He argues that, if he were allowed so to allocate his earnings, there would be no overpayment. The regulation is clear, however, and it is adverse to Newton. We reject Newton's further contention that the distinction between the regulation's treatment of wage-earners and its treatment of self-employed persons violates equal protection. "Social and economic legislation ... that does not employ suspect classifications or impinge upon fundamental rights must be upheld against equal protection attack when legislative means are rationally related to legitimate governmental purpose." Hodel v. Indiana, 452 U.S. 314, 331 (1981). The Commissioner could conclude that attribution of earnings of self-employed persons to the period during which services were performed would be subject to greater manipulation and greater difficulty of verification in the case of self-employed persons than in the case of wage-earners. Newton has not made a clear showing that the regulation is arbitrary or irrational. See id. at 331-32.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Pursuant to P.L. No. 103-296, the Social Security Independence and Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of the Social Security Administration, effective March 31, 1995. In accordance with section 106(d) of the Act, Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3